**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-42


UNITED STATES TAX COURT


ASTER TIRFE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25865-10S.                    Filed June 3, 2013.


Aster Tirfe, pro se.

<u>Steven Roth</u>, for respondent.


SUMMARY OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the year in issue.  Rule references are to
(continued...)

petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated August 23, 2010 (notice), respondent determined a $4,033 deficiency in petitioner's 2008 Federal income tax. After concessions, the issues for decision are: (1) whether the proceeds received by petitioner in 2008 from a civil lawsuit against her former landlord are includable in her income for that year; and (2) whether petitioner is entitled to a deduction for a contribution to an individual retirement account (IRA).[2]

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

During 2008 petitioner was employed by the county of Los Angeles (county), and as a county employee was an active participant in a retirement plan offered to county employees. She also contributed $5,000 to an IRA.

---

[1](...continued)
the Tax Court Rules of Practice and Procedure.

[2]This issue was raised at trial and tried by consent. See Rule 41(b).

During 2006 petitioner lived in an apartment in Arcadia, California (Arcadia apartment), with her two children and a dog. On or about July 2006, petitioner's landlord filed an unlawful detainer action against her in the Superior Court of California. Petitioner agreed to move out of the Arcadia apartment; otherwise the outcome of that lawsuit is unknown. As it turned out, petitioner was able to rent a different apartment elsewhere (new apartment). Before moving in, however, she was required to post a security deposit, and the rent for the new apartment was double what petitioner paid to rent the Arcardia apartment. Petitioner obtained a $10,000 loan to partially offset her moving costs and increased rent.

On January 8, 2007, petitioner filed a complaint against her landlord in the Superior Court of California asserting various causes of action, including retaliatory eviction. On or about July 2008, the jury found that petitioner was entitled to actual damages of $14,754 and noneconomic loss damages of $2,700 (jury award). She used the jury award in part to pay off the remaining balance on the above-referenced loan and in part to make the above-referenced IRA contribution.

The complaint upon which the jury award is based lists numerous causes of action and prays for damages on account of:

> loss of important housing opportunities, deprivation of the full use and enjoyment of * * * [petitioner's] tenancy, * * * severe emotional distress and physical injury, humiliation and mental anguish, including bodily injury such as stomach aches; head aches; sleep loss; feelings of depression, discouragement, anger, and nervousness.

The complaint requests damages attributable to economic loss as well as physical and emotional injuries. The jury's award, however, divides the damages only by the designations "actual" and "non-economic".

Petitioner's timely filed 2008 Federal income tax return (return) was prepared by a paid Federal income tax return preparer. As relevant here, on her 2008 return petitioner: (1) computed taxable income taking into account the standard deduction, see sec. 63(b)(1); (2) included only $2,700 (noneconomic loss portion) of the jury award in income; and (3) did not claim an IRA contribution deduction.

According to the notice, the entire amount of the jury award is includable in petitioner's income. Respondent now agrees that subject to statutorily prescribed limitations petitioner is entitled to a deduction for the IRA contribution.

## Discussion

### I. The Jury Award

Section 61 provides that, in general, "gross income means all income from whatever source derived" and includes all accretions to the taxpayer's wealth. See

Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955). The jury award certainly increased petitioner's wealth[3] and is includable in her income unless specifically excluded. See Commissioner v. Schleier, 515 U.S. 323, 328 (1995).

Although petitioner did not refer to any authority that would allow for the exclusion of the entire jury award, we give her the benefit of the doubt and proceed as though she relies upon section 104(a)(2). Otherwise, we are aware of no other provision that would support the position she has taken in this matter.

In pertinent part, section 104(a)(2) provides that "gross income does not include * * * the amount of any damages * * * received * * * on account of personal physical injuries or physical sickness". Emotional distress (including typical symptoms of emotional distress, such as stomach disorders and headaches) is not included in the definition of "physical injury or physical sickness" for purposes of the exclusion. See Blackwood v. Commissioner, T.C. Memo. 2012-190.[4]

---

[3]We would not be surprised if, under the circumstances, petitioner believed otherwise.

[4]Petitioner, or at least her return preparer, recognizes this principle as the damages for "non-economic" losses are included in the income reported on her 2008 return.

It would seem that respondent also presumed petitioner's reliance on section 104(a)(2). According to respondent, that section does not allow for the exclusion of any portion of the jury award because it was not received on account of personal physical injuries or physical sickness. More specifically, respondent contends that the actual damages portion of the jury award was awarded to make petitioner whole for the additional rental expenses incurred as a result of the unlawful detainer action.

We agree with respondent. Given the manner in which the jury award was allocated, the actual damages portion obviously relates to financial or economic losses petitioner suffered as a result of the retaliatory eviction. Damages on account of financial or economic losses are not excludable under section 104(a)(2).

## II. IRA Contribution

With certain limitations, a taxpayer is entitled to deduct amounts that the taxpayer contributes to an IRA for the taxable year. See sec. 219(a). The deduction, however, may not exceed the lesser of (1) the deductible amount,[5] or

---

[5]For 2008 for individuals under age 50, $5,000 was generally the largest deductible amount for contributions to an IRA, before considering limitations. Sec. 219(b)(5)(A).

(2) an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec. 219(b)(1), (5)(A) and (B).

The deductible amount allowed under section 219(a) may be further limited if a taxpayer or the taxpayer's spouse is an "active participant" in a qualified pension plan during any part of the year. Sec. 219(g)(1), (5).

Contributions are deemed to have been made to an IRA on the last day of the preceding taxable year if the contribution is made for that taxable year and is made by the due date of the return for the taxable year. Sec. 219(f)(3). The parties agree that petitioner made a timely $5,000 IRA contribution for tax year 2008 and that she was an active participant in a qualified pension plan during 2008. Accordingly, we find that petitioner is entitled to an IRA contribution deduction of $5,000, subject to the limitations under section 219(g).

To reflect the foregoing,

Decision will be entered

under Rule 155.